GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ROBERT A. GOODIN, State Bar No. 061302
　　rgoodin@goodinmacbride.com
FRANCINE T. RADFORD, State Bar No. 168269
　　fradford@goodinmacbride.com
ANNE H. HARTMAN, State Bar No. 184556
　　ahartman@goodinmacbride.com
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:　(415) 392-7900
Facsimile:　(415) 398-4321

GRAIS & ELLSWORTH LLP
DAVID J. GRAIS
　　dgrais@graisellsworth.com
KATHRYN C. ELLSWORTH
　　kellsworth@graisellsworth.com
OWEN L. CYRULNIK
　　ocyrulnik@graisellsworth.com
LEANNE M. WILSON
　　lwilson@graisellsworth.com
40 East 52nd Street
New York, New York 10022
Telephone:　(212) 755-3550
Facsimile:　(212) 755-0052

Attorneys for Plaintiff
Federal Home Loan Bank of San Francisco

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF SAN FRANCISCO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK SECURITIES, INC., et al.,<br>　　　　　Defendants. | No. CV-10-3039 SC &<br>No. CV-10-3045 SC<br><br>**PLAINTIFF'S SUPPLEMENTAL REPLY IN RESPONSE TO UBS SECURITIES AND MORTGAGE ASSET SECURITIZATION TRANSACTIONS, INC.'S OPPOSITION TO MOTION TO REMAND**<br><br>Date:　　November 5, 2010<br>Time:　　10:00 a.m.<br>Dept.　　Courtroom 1, 17th Floor |

**PLAINTIFF'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO REMAND**　　　(Nos. CV-10-3039 SC & CV-10-3045 SC)

FEDERAL HOME LOAN BANK OF SAN FRANCISCO,

    Plaintiff,

v.

CREDIT SUISSE SECURITIES (USA) LLC, et al.,

    Defendants.

UBS and MAST (referred to together as UBS) joined the other defendants in removing both of the Bank's actions to this Court on three invalid grounds of federal jurisdiction. The Bank moved to remand both cases, and all defendants jointly filed a single, omnibus opposition to the Bank's motions to remand. UBS also filed a separate opposition brief, to which the Bank responds in this supplemental reply.

UBS argues that the anti-removal provision of the 1933 Act did not prohibit removal of the *Deutsche Bank* action because the action falls under 28 U.S.C. § 1441(c), which permits a defendant to remove certain otherwise non-removable actions.[1] It is obvious from the text of that statute, however, that Section 1441(c) does not apply to this action. Indeed, that this argument is so implausible may explain why no other defendant was willing to join UBS in making it.

Section 1441(c) states:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added).

Two conditions must be satisfied for Section 1441(c) to apply. First, a claim or cause of action must be separate and independent from the non-removable claim. Second, that separate and

---

[1] UBS makes this argument only with respect to the *Deutsche Bank* action. It does not argue that Section 1441(c) applies to the *Credit Suisse* case.

**PLAINTIFF'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO REMAND**   -2-   (No. CV-10-3045 JCS)

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  independent claim must also be subject to federal jurisdiction under 28 U.S.C. § 1331. Although
2  the first condition may be satisfied in this action, the second requirement certainly is not.[2] There
3  is no claim against *UBS* in the *Deutsche Bank* action that is subject to federal jurisdiction under
4  Section 1331. Therefore, Section 1441(c) cannot apply.

5        Section 1331(c) provides that "[t]he district courts shall have original jurisdiction of all
6  civil actions *arising under* the Constitution, laws, or treaties of the United States." (Emphasis
7  added.) The scope of the jurisdiction granted by Section 1331(c) (also referred to as "federal
8  question" jurisdiction or "arising under" jurisdiction) has been clearly defined by the United
9  States Supreme Court. An action "arises under" federal law "only when the plaintiff's statement
10 of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 129
11 S.Ct. 1262, 1272 (2009) (internal quotations and alteration omitted). This is known as the "well-
12 pleaded complaint" rule, and it is followed by every federal court in the United States. The
13 practical effect of the well-pleaded complaint rule is to "severely limit[] the number of cases in
14 which state law 'creates the cause of action' that may be initiated in or removed to federal district
15 court." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). The Bank
16 pleaded only state law claims against UBS in the *Deutsche Bank* action. None of those claims is
17 based on federal law, nor will the Bank have to refer to federal law in any way in order to prove
18 its case. Thus, none of the Bank's claims is subject to federal question jurisdiction under Section
19 1331, and Section 1441(c) does not apply to the *Deutsche Bank* action.

20       UBS simply ignores the Supreme Court cases that define the scope of Section 1331. UBS
21 argues that if the Bank's congressional charter creates federal jurisdiction, then the Bank's action
22 will be subject to federal jurisdiction under Section 1331. For at least two reasons, this argument
23 makes no sense. First, the Bank's claims for relief are not based on its charter. It is suing UBS
24 only under state law. At most, the Bank's charter is relevant to determining whether or not a
25 federal court has subject matter jurisdiction. The charter is certainly not an affirmative element of

---

[2] UBS argues that the Bank's claims against it are "separate and independent" from the Bank's claims against the other defendants in the *Deutsche Bank* action. The Bank does not concede that its claims against UBS are "separate and independent," but the Court need not reach that question because the second requirement of Section 1331 is certainly not satisfied in this action.

**PLAINTIFF'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION TO REMAND**     (No. CV-10-3045 JCS)

the Bank's claim, nor is there any credible reason why the Bank would even refer to its charter to prove its claims in this action. Thus, there is no possible way that the Bank's claims could fall under Section 1331.[3]

Second, the Bank's legislative charter is itself a federal statute. Even if the charter creates federal jurisdiction (which it does not), then that jurisdiction would be based on the charter itself – not on Section 1331. This point is not debatable. The Supreme Court held unequivocally in *Red Cross* that a "sue and be sued" provision in a congressional charter is "a separate and independent jurisdictional grant" that is "*outside the realm of statutory 'arising under' jurisdiction, i.e., jurisdiction based on 28 U.S.C. § 1331.*" *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 258 (1992) (emphasis added).[4] And because Section 1441(c) applies only to claims subject to jurisdiction under Section 1331, it does not apply to claims subject to jurisdiction based on a congressional charter.

The same reasoning explains why, even if the Bank is an agency of the federal government (which it is not), still this action cannot fall under Section 1331. Defendants argue that 28 U.S.C. § 1345 creates federal jurisdiction over cases that involve an agency of the United States. (Omnibus Br. 21.) That jurisdiction, if it exists, is created by Section 1345 – not Section 1331.[5]

---

[3] UBS argues that the question whether the Bank's charter confers federal subject matter jurisdiction is a "substantial federal question" under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*. UBS missed the point of *Grable*, which proves exactly the opposite point. The Supreme Court held that Section 1331 applies if there is a substantial federal question that is also a necessary component of the plaintiff's affirmative case. 545 U.S. 308 (2005). For example, there may be defenses to state law claims that raise substantial questions of federal law, but defenses cannot give rise to federal jurisdiction under Section 1331. Here, no analysis or interpretation of federal law is required to resolve the Bank's claims against UBS; the Bank sued in state court, and is capable of proving its case in state court without any reference to federal law. Moreover, even if this Court were to determine that the meaning of the Bank's charter somehow presents a substantial federal question under *Grable*, the Court would have to resolve that question to decide this motion to remand. Once that question is resolved on this motion to remand, there would no longer be a "substantial federal question."

[4] UBS argues that "[w]hile a federal charter may provide an independent jurisdictional ground eliminating the necessary application of the well-pleaded complaint rule, a federal charter also gives rise to federal question jurisdiction because the claims arise from federal law." (Omnibus Opp. Br. 6 n.5.) This sentence is most likely an example of how UBS conflates statutory federal question jurisdiction under Section 1331 with constitutional federal question jurisdiction.

[5] UBS also misleadingly argues that "[c]laims seeking rescission of government contracts do 'arise under federal law as § 1331 requires,' since the 'federal common law of contracts applies to contracts with

**PLAINTIFF'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION TO REMAND** -4- (No. CV-10-3045 JCS)

UBS may be conflating the *statutory* "federal question" jurisdiction of Section 1331 with the *constitutional* "federal question" jurisdiction of Article III of the United States Constitution. Article III defines the constitutional boundaries of federal jurisdiction: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority." Section 1331 uses similar language, but Congress intended it, and the Supreme Court has interpreted it, to grant jurisdiction much narrower than the Constitutional maximum. *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494-95 (1983).

> Although the language of § 1331 parallels that of the "arising under" clause of Article III, this Court never has held that statutory "arising under" jurisdiction is identical to Article III "arising under" jurisdiction. Quite the contrary is true. Section 1331, the general federal question statute, although broadly phrased, has been continuously construed and limited in the light of the history that produced it, the demands of reason and coherence, and the dictates of sound judicial policy which have emerged from the [statute's] function as a provision in the mosaic of federal judiciary legislation. It is a statute, not a Constitution, we are expounding.

*Id.* (internal quotations and emphasis omitted).

Section 1441(c) is very specific. It applies only to separate, independent claims that are subject to jurisdiction under Section 1331(c). That does not include claims subject to jurisdiction under Congressional charters or under Section 1345. This Court must decline to apply Section 1441(c) to salvage defendants' improper removal of the *Deutsche Bank* action to federal court.

---

the federal government,' and 'federal common law is part of the "laws of the . . . United States" for the purpose of § 1331 jurisdiction.'" (Omnibus Opp. Br. 7.) UBS cites one case, which belies its argument. In *Wright v. Foreign Service Grievance Boar*, 503 F. Supp. 2d 163, 180 (D.D.C. 2007), the court held that a private party may be able to sue the government for rescission of a government contract based on misconduct by a government agency. To do so, the private party would have to sue under the Administrative Procedures Act and assert federal jurisdiction under Section 1331. Nothing in that case, or in any other that UBS cites, suggests that suits by the *government* (let alone a Federal Home Loan Bank that is not even an agency of the government) to rescind a private contract based on untrue and misleading statements under California common law is subject to federal jurisdiction under Section 1331. *See Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 691-92 (2006) ("[U]niform federal law need not be applied to all questions in federal government litigation, even in cases involving government contracts. [T]he prudent course, we have recognized, is often to adopt the readymade body of state law as the federal rule of decision until Congress strikes a different accommodation.") (internal citations and quotation marks omitted).

**PLAINTIFF'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION TO REMAND** -5- (No. CV-10-3045 JCS)

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| 1 | Dated: October 18, 2010 | GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP |
| 2 | | |
| 3 | | GRAIS & ELLSWORTH LLP |
| 4 | | By: /s/ Robert A. Goodin |
| 5 | | Robert A. Goodin |
| 6 | | Attorneys for Plaintiff Federal Home Loan Bank of San Francisco |

3428/001/X123196.v1

**PLAINTIFF'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION TO REMAND**  -6-  (No. CV-10-3045 JCS)